Lydia Mae WILSON, Curtis Dale Wilson,
Angela Gale Wilson Kramm, and
Lila Wilson, Petitioners,

v.

TEXAS PARKS AND WILDLIFE
DEPARTMENT, Respondent.

No. D–4015.

Supreme Court of Texas.

Argued Feb. 15, 1994.

Decided June 22, 1994.

Rehearing Overruled Dec. 8, 1994.

Jay L. Winckler, Austin, Will S. Moursund, Round Mountain, Jim Dear, Austin, for petitioners.

Maureen Powers, Connie Hawkins, Delmar L. Cain, Dan Morales, Austin, for respondent.

HIGHTOWER, Justice, delivered the opinion of the Court, in which all Justices join.

This cause requires that we determine whether a trial court commits reversible error by transferring a civil lawsuit filed in a Texas county that qualifies as a proper venue to another county that originally might have been considered a proper venue. Lydia Wilson, Curtis Wilson, Angela Wilson Kramm, and Lila Wilson (collectively "Plaintiffs") sued the Texas Parks and Wildlife Department ("Department") in district court in Travis County, alleging that the Department's negligence caused the drowning deaths of Wilford and Wilton Wilson. The Department filed a motion to transfer venue of Plaintiffs' action to Blanco County. The motion was granted and the case was transferred to Blanco County where, after a jury trial, a take-nothing judgment was rendered in favor of the Department. The court of appeals affirmed, holding that the transfer of a lawsuit from one county of proper venue to another county of proper venue is not reversible error. 853 S.W.2d 825. For the reasons explained herein, we reverse the judgment of the court of appeals, remand this cause to the trial court in Blanco County, and order that

the cause be transferred to Travis County for a new trial.

## I.

On the afternoon of May 16, 1987, the Wilson fishing party, including Wilford and Wilton Wilson, arrived at Pedernales Falls State Park ("the Park") to go fishing. The Park is located in Blanco County and is owned and operated by the Department. The fishing party walked and waded across one-hundred yards of river bed to get to their fishing spot. By 4:00 p.m., the party was fishing from atop a rock surrounded by water. At 8:00 p.m., the party was joined by two additional members of the Wilson family. Shortly thereafter, the party noticed rising water and attempted to retrace their steps across the river bed. Wilford and Wilton Wilson were unable to cross the river and drowned.

Plaintiffs sued the Department in Travis County, alleging that the Department's negligence caused the drowning deaths of Wilford and Wilton Wilson. Specifically, Plaintiffs alleged that the Department was negligent in the design, implementation, and maintenance of the Park's flood early warning system and in the training of Park personnel. The Department filed a motion to transfer venue of the suit to Blanco County, the site of the drownings. The motion was granted and the suit was transferred. Trial was to a jury who found that the Department was negligent, but failed to find that this negligence was a proximate cause of the deaths. Additionally, the jury found that Wilford and Wilton Wilson's negligent conduct was a proximate cause of their deaths. Finally, the jury found that the Wilson fishing party was not fishing within the park boundaries. Based on the jury's verdict, the trial court rendered a take-nothing judgment in favor of the Department. The court of appeals affirmed, holding that the transfer of a lawsuit from a county of proper venue to another county of proper venue is not reversible error.

## II.

The Department contends that the transfer of a civil lawsuit from a county that qualifies as a proper venue to another county that might originally have been considered a proper venue is not reversible error as a matter of law. We disagree.

■ Venue selection presupposes that the parties to the lawsuit have choices and preferences about where their case will be tried. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 15.001–15.040 (Vernon 1986 & Supp.1994); *Maranatha Temple, Inc. v. Enterprise Prod. Co.,* 833 S.W.2d 736, 741 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (recognizing that the plaintiff has the right to file suit in any permissible county). Venue may be proper in many counties under general, mandatory, or permissive venue rules. *See* Tex. Civ.Prac. & Rem.Code Ann. §§ 15.001–15.040. The plaintiff is given the first choice in the filing of the lawsuit. *See Tieuel v. Southern Pac. Transp. Co.,* 654 S.W.2d 771, 775 (Tex. App.—Houston [14th Dist.] 1983, no writ). If the plaintiff's venue choice is not properly challenged through a motion to transfer venue, the propriety of venue is fixed in the county chosen by the plaintiff. Tex.Civ.Prac. & Rem.Code Ann. § 15.063 (Vernon 1986); Tex.R.Civ.P. 86–1. If a defendant objects to the plaintiff's venue choice and properly challenges that choice through a motion to transfer venue, the question of proper venue is raised. Tex.R.Civ.P. 86. The burden is on the plaintiff to prove that venue is maintainable in the county of suit. *Id.* 87–2(a). If the plaintiff fails to meet this burden, the trial court must transfer the lawsuit to another specified county of proper venue.[1] Tex.Civ.Prac. & Rem.Code Ann. § 15.063(1) ("The court ... shall transfer an action to another county of proper venue if ... the county in which the action is pending is not a proper county...."); *Tieuel,* 654 S.W.2d at 775 (recognizing that if the plaintiff files suit in a county where venue does not lie, the plaintiff waives the right to choose and the defendant may have the suit transferred to a proper venue). If the plaintiff meets the burden, the trial court must maintain the

---

1. In such a case, the right to chose a proper venue passes to the defendant who must prove that venue is maintainable in the county to which transfer is sought. Tex.R.Civ.P. 87–2(a).

lawsuit in the county where it was filed. TEX.R.CIV.P. 87–3(c) ("If a claimant has adequately pleaded and made prima facia proof that venue is proper in the county of suit ... then the cause shall not be transferred but shall be retained in the county of suit....").

▉ Together, Rule 87–3(c) and section 15.063(1) require that a lawsuit pleaded and proved to be filed in a county of proper venue may not be transferred. Therefore, if the plaintiff chooses a county of proper venue, and this is supported by proof as required by Rule 87, no other county can be a proper venue in that case.[2] This rule gives effect to the plaintiff's right to select a proper venue. *Maranatha Temple, Inc.,* 833 S.W.2d at 741.

The Department urges that reversible error exists only if the county of trial was one where permissive or mandatory venue never could have been sustained. Such a rule would eviscerate the plaintiff's right to select venue. *Id.* The First Court of Appeals correctly understood the harsh effect of such a rule:

> [W]hen the plaintiff files suit in a permissible county, and the trial court *wrongly* transfers venue to another county, even a permissible one, the plaintiff has lost his right to choose where to bring his suit. He has neither waived his option by filing in an impermissible county *nor* had his suit transferred because the defendant has properly shown that it should be. Yet, he has lost the right to bring suit in the permissible county of his choice. He has lost a right which he neither waived nor was rightfully divested of. The harmless error rule should not apply to such a circumstance.

*Id.*[3] Furthermore, the Department asks us to fashion a rule that runs contrary to the mandatory admonishment of Rule 87–3(c) and that renders section 15.063(1) meaningless. This we cannot do. TEX.GOV'T CODE ANN. § 311.021(2) (Vernon 1988) ("In enacting a statute, it is presumed that ... the entire statute is intended to be effective."); *Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex.1993) (stating that this court seeks the intent of the legislature as found in the plain and common meaning of the words and terms used).

▉ Accordingly, we hold that if a plaintiff files suit in a county of proper venue, it is reversible error to transfer venue under section 15.063(1) even if the county of transfer would have been proper if originally chosen by the plaintiff. We now consider whether venue was proper in the county where suit was initially brought in this case.

### III.

The standard of appellate review is governed by section 15.064(b) of the Texas Civil Practice and Remedies Code, which provides:

> On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986); *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 757 (Tex.1993). The "appellate court is oblig[ated] to conduct an independent review of the entire record to determine whether venue was proper in the ultimate county of suit." *Ruiz,* 868 S.W.2d at 758; *see also* Dan R. Price, *New Texas Venue Statute: Legislative History,* 15 ST. MARY'S L.J. 855, 878–79 (1984). Under the rule an-

---

**2.** This opinion only addresses transfer of venue pursuant to section 15.063(1) of the Texas Civil Practice and Remedies Code and expresses no opinion regarding transfer of venue pursuant to sections 15.063(2) and (3). We recognize that these sections may apply to make transfer of venue appropriate.

**3.** The court in *Maranatha Temple, Inc.* recognized additional beneficial effects of the rule we announce today:

> Parties who would otherwise be likely to knowingly assert faulty grounds for a transfer of venue will be less likely to do so if they face automatic reversal once it is determined on appeal that the transfer was erroneous ... [and such a rule] ... will guard against the forum shopping that occurs when a party intentionally asserts faulty, invalid grounds for a change of venue from one permissible county to another permissible county which he perceives as more favorable.

833 S.W.2d at 741.

nounced today, if Travis County, the venue chosen by Plaintiffs, was a county of proper venue, then Blanco County cannot be a county of proper venue as a matter of law.[4] We review the entire record, including the trial on the merits, to determine whether there is any probative evidence that venue was proper in Travis County. *Ruiz*, 868 S.W.2d at 758. This review strikes a balance between the competing interests of the plaintiff and the defendant. It preserves the plaintiff's right to select and maintain suit in a county of proper venue. And, it protects the defendant from fraud or inaccuracy at the pleading stage. *See* Dan R. Price, *New Texas Venue Statute: Legislative History*, 15 St. Mary's L.J. 855, 877–78 (1984) (recognizing that the appellate court's review of the entire record protects against fraud or inaccuracy that might not be discoverable at the motion to transfer venue stage).

■ Because the Plaintiffs have sued a governmental entity, venue in this case is governed by section 101.102 of the Texas Civil Practice and Remedies Code, which provides that "[a] suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises." Tex.Civ.Prac. & Rem. Code Ann. § 101.102 (Vernon Supp.1994). Plaintiffs assert that their cause of action for negligence arose, in part, from the following acts which occurred at the Department's headquarters in Travis County: (1) deciding not to arm the Johnson City River Bridge sensor to trigger the sirens; (2) negligently designing the flood early warning system which is not audible in certain areas of the flood danger zone; (3) advising park patrons, through the use of signs, articles, and maps prepared in Travis County, to rely on the sirens to warn them of oncoming flood or rising waters while failing to warn them that the sirens may not be audible in certain areas of the river bed; and (4) failing to oversee the proper arming and rearming of the flood early warning system and to maintain in a ready state the sirens, towers, computer console, and radios.

Tom McGlathery, Regional Park Director for the Department, testified that the decision not to arm the Johnson City River Bridge sensor was made, in part, by Barry Bennett at the Department's headquarters in Travis County. Mr. McGlathery also testified that the individuals responsible for the content of the signs and map handouts detailing the Park's flood early warning system were employed at the Department's headquarters in Travis County. Wilbur Mengers, superintendent of the Park, testified that the signs and maps concerning the flood early warning system came from Travis County. Together, this testimony constitutes probative evidence that acts giving rise to the Plaintiffs' cause of action occurred in Travis County. Accordingly, venue was proper in Travis County under section 101.102 of the Texas Civil Practice and Remedies Code.

Because we find that Travis County, the venue chosen by Plaintiffs, was a county of proper venue, we hold that Blanco County was an improper venue as a matter of law. The trial of this lawsuit in Blanco County constitutes reversible error. *See* Tex.Civ. Prac. & Rem.Code Ann. § 15.064(b).

For the reasons explained herein, we reverse the judgment of the court of appeals, remand this cause to the trial court in Blanco County, and order that the cause be transferred to Travis County for a new trial.

---

4. The parties agree that Blanco County would have been a proper venue had the Plaintiffs origi-

nally filed suit there.