Petition for Writ of Mandamus Conditionally Granted and Majority and
Concurring Opinions filed February 3, 2009








Petition
for Writ of Mandamus Conditionally Granted and Majority and Concurring Opinions
filed February 3, 2009.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00912-CV

____________

 

IN RE FORT BEND COUNTY, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

C O N C U R R I N G    O P I N I O N

Although I agree with the majority=s conclusion that a mandatory venue
provision requires the plaintiffs= claims against relator to be
litigated in Fort Bend County, I  reach that conclusion for different reasons. 
I therefore respectfully concur in the judgment.

In their original petition, the
plaintiffs allege in pertinent part as follows:








Mr. Ladson entered the Westpark
Tollway at the easternmost entranceCnear Gaston Road, which is located in
Fort Bend County. . . . All of the defendants had actual
knowledge that dangerous conditions existed on the Westpark Tollway lanes,
entrances, and exits that allowed for wrong-way vehicles to enter the tollway
and subsequently cause serious injury to other tollway
users. . . . The operation of a tollway without proper
entrances, exits, warning lights, signs, and barricades is an inherently
dangerous practice and created an unreasonable risk of harm to the
plaintiffs . . . Upon information and belief, the
defendants formulated a policy to monitor the tollway entrances and exits to
prevent wrong-way traffic . . . In the early morning hours
of January 1, 2007, the premise defects were the signs, signals and warning
devices of the Gaston Road area of the tollway and the Westpark Tollway
itself.  The defective items were confusing and misleading about the proper
direction of travel to get on the tollway and the identity of the entrances to
get on the tollway.  The tollway as it existed on January 1, 2007 constituted a
condition that endangered the public and should have been corrected by the
defendants.  As such, the tollway constituted a Adangerous condition,@ that is a condition that created an
unreasonable risk of harm to the user of the roadway.  The defendants are
jointly and severally liable for the maintenance and operation of premises
defects on or at the said entrances of the tollway and are also jointly liable
for the violation of the duty they owed the plaintiffs, which violations are a
proximate cause of the plaintiffs= damages.

The plaintiffs assert in their
original petition that venue is Aproper in Harris County because at
least one of the defendants is located in Harris County, Texas and substantial
parts of the incidents complained of in this lawsuit occurred in Harris County,
Texas.@  It is undisputed that the accident
in which Pedro Olivares Jr. was killed occurred in Harris County; thus, the
plaintiffs contend that venue in Harris County is proper pursuant to Texas
Civil Practice and Remedies Code section 101.102(a), which provides that A[a] suit under this chapter shall be
brought in state court in the county in which the cause of action or a part of
the cause of action arises.@  Tex. Civ. Prac.
& Rem. Code Ann. ' 101.102(a) (Vernon 2005).

A.        Fort
Bend County Meets Burden to Demonstrate Mandatory Venue in Fort Bend County

Fort Bend County moved to transfer
venue, citing section 15.015 of the Texas Civil Practice and Remedies Code,
under which A[a]n action against a county shall be brought in that county.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 15.015 (Vernon 2002).  The burden of
proof governing the motion to transfer venue is set forth in Texas Rule of
Civil Procedure 87(2)(a):   








A party who seeks to transfer venue
of the action to another specified county under Sections 15.011B15.017, Civil Practice and Remedies
Code on the basis that a mandatory venue provision is applicable and
controlling has the burden to make proof, as provided in paragraph 3 of this
rule, that venue is maintainable in the county to which transfer is sought by
virtue of one or more mandatory venue exceptions.

Tex. R. Civ.
P. 87(2)(a).  Because
Fort Bend=s motion to transfer venue is based on section 15.015 of the Civil
Practice and Remedies Code, Fort Bend bore the burden to prove that venue is
maintainable there pursuant to a mandatory venue exception.  Such proof was
supplied by the plaintiffs= own pleadings, which identify Fort Bend as a county in which
part of the accident occurred.  Thus, Fort Bend has sustained its burden.  

B.        Plaintiffs= Response

In response to Fort Bend=s motion to transfer venue, the
plaintiffs assert that Awhen there are two counties of mandatory venue, as in this
case, the plaintiffs= choice between the two is controlling.@  They further argue that plaintiffs
are given the first choice in deciding the venue in which to litigate their
claims and that a lawsuit pleaded and established as having been filed in a
county of proper venue may not be transferred.  In support of this argument,
plaintiffs rely on Texas Rule of Civil Procedure 87(3)(c).  Pursuant to this
Rule, 

If a claimant has adequately pleaded
and made prima facie proof that venue is proper in the county of
suit . . . , then the cause shall not be transferred but
shall be retained in the county of suit, unless the motion to transfer is
based . . . on an established ground of mandatory venue.  A
ground of mandatory venue is established when the party relying upon a
mandatory exception to the general rule makes prima facie proof as provided in
subdivision (a) of paragraph 3 of this rule.








Tex. R. Civ.
P. 87(3)(c).  Under the
cited provision, A[p]rima facie proof is made when the venue facts are properly
pleaded and an affidavit, and any duly proved attachments to the affidavit, are
filed fully and specifically setting forth the facts supporting such pleading.@  Tex.
R. Civ. P. 87(3)(a).  As noted, however, the plaintiffs properly pleaded
that Fort Bend is a county, and this venue fact has not been challenged.  See
id. (AAll venue facts, when properly pleaded, shall be taken as true unless
specifically denied by the adverse party.@).  Thus, Fort Bend has established
that a mandatory venue provision requires the claims against it to be
prosecuted in Fort Bend County.

The plaintiffs further rely on Marshall
v. Mahaffey.  974 S.W.2d 942, 947 (Tex. App.CBeaumont 1998, pet. denied).  In Marshall,
the Ninth Court of Appeals relied on a case that had been reversed as support
for its conclusion that Awhere there is a conflict between two mandatory venue
provisions, >[t]he general scheme of the venue statute is that plaintiffs may choose
between two proper venues.=@ Id. (quoting Wichita
County, Tex. v. Hart, 892 S.W.2d 912, 920 (Tex. App.CAustin  1994) (AHart I@), rev=d, 917 S.W.2d 779 (Tex. 1996) (AHart II@)).  Although the Marshall court
stated that Hart I was reversed on other grounds, this characterization
is not appropriate in the context of this case.  Hart I was reversed
precisely because it failed to give effect to the requirement of section 15.015
of the Texas Civil Practice and Remedies Code that claims against a county be
litigated in that county.  See Hart II, 917 S.W.2d at 781.  In Hart I,
the intermediate court discussed section 15.015 of the Texas Civil Practice and
Remedies Code and specifically acknowledged that the county venue provision Ahas long been a part of the law of
our state and has long been regarded as a mandatory venue provision.@  Hart I, 892 S.W.2d at 917. 
However, the Third Court of Appeals concluded that the venue provision of the
Whistleblower Act was similarly mandatory.  Id. at 920.  The court
therefore characterized the venue dispute as Aa conflict between two mandatory
venue provisions@ and relied on Wilson v. Texas Parks and Wildlife
Department in concluding that A[t]he general scheme of the venue
statute is that plaintiffs may choose between two proper venues.@  Id. (citing  Wilson v.
Tex. Parks & Wildlife Dep=t, 886 S.W.2d 259, 259B61 (Tex. 1994)).  Wilson,
however, concerned competing venues, both of which were permissible under
section 101.102 of the Civil Practice and Remedies Code, and neither of which
was otherwise mandatory.[1] 








In sum, Marshall, Hart I,
Hart II, and Wilson offer little assistance in determining the
proper procedure to follow in a case such as this, in which two different
statutes allegedly mandate venue in different counties.  In their response to
the motion to transfer venue, plaintiffs framed the issue as follows:

This suit is brought pursuant to the Texas Tort Claims
Act (TTCA).  Venue under the TTCA is mandated by ' 10[2].101(a) of the Texas Civil Practice and Remedies Code, which
states: AA suit under this chapter shall be brought in
the [sic] state court in the county in which the cause of action or a part of
the cause of action arises. (emphasis added.)[.][[2]]

 








Significantly, however, section 10.102(a)
contains both mandatory and permissive aspects.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.102(a).  Although suit must be
prosecuted in one of the counties in which a part of the cause of action arose,
different parts of a cause of action may arise in different counties, and if
so, the plaintiff may choose from among those possibilities.  Stated
differently, the statute is mandatory in that it defines the set of possible
venues, but it is permissive in that it does not differentiate among the
members of that set, but leaves that selection to the plaintiff.  Here, for
example, parts of the plaintiffs= cause of action arose in Harris
County and parts arose in Fort Bend County.  The mandatory aspect of section
101.102(a) is satisfied if the suit is prosecuted in Harris or Fort Bend
County, but as between these alternatives, venue is permissive under 101.102(a)
because neither alternative is mandated by the statute.  In contrast, there is
no permissive aspect to section 15.015, or stated differently, the set of
possible venues that would fulfill the requirements of section 15.015 consists
of a single member: venue of a plaintiff=s claims against a county is
mandatory in that county.  Id. ' 15.015.  Thus, in identifying
the proper venue in which plaintiffs may bring the claims at issue, section
101.102(a) effectively eliminates all counties other than Harris and Fort Bend,
and section 15.015 then eliminates all counties other than Fort Bend.  The
remaining countyCFort Bend CountyCis therefore the county of mandatory
venue, and hence, the only county of Aproper venue.@  See id. 15.001(b) (defining Aproper venue@).  I therefore would conclude that
this case presents no conflict between sections 15.015 and 101.102(a), because
transferring venue to Fort Bend County fulfills the mandatory requirements of
both statutes.[3]  

C.        Claim
Severance

I also note that this case does not
present the question of whether claims against multiple counties must be
severed and venue transferred if the claims are interwoven.   Here, Fort Bend=s motion to transfer venue addressed
only Aclaims made or causes of action
brought in this civil action as against Fort Bend County, Texas@ and the claims against Fort Bend
County are severable from the remainder of the action.  See Tex. R. Civ. P. 89.[4] 
The Texas Supreme Court has set forth the requirements for severability as
follows:








A claim is properly severable if (1)
the controversy involves more than one cause of action, (2) the severed claim
is one that would be the proper subject of a lawsuit if independently asserted,
and (3) the severed claim is not so interwoven with the remaining action that
they involve the same facts and issues. 

F.F.P. Operating Partners, L.P. v.
Duenez, 237 S.W.3d
680, 693 (Tex. 2007) (quoting Guar. Fed. Sav. Bank v. Horseshoe Operating
Co., 793 S.W.2d 652, 658 (Tex. 1990) (on mot. for reh=g)).  Here, the severability of the
claims against Fort Bend County are demonstrated by the Agreement for the Joint
Construction, Maintenance and Operation of the Fort Bend Westpark Extension
Toll Road, offered into evidence by the plaintiffs in their response to Fort
Bend County=s motion to transfer venue.  Under the terms of the contract, Fort Bend
County assumed responsibility to: 

$                  
design and construct the portion
of the tollway Afrom State Highway 99 to Station 987+14 of the
Westpark Tollway Extension, located approximately 2830 feet east of F.M. 1464@; 

$                  
design and implement a toll
collection system;

$                  
procure and install all toll
plazas, toll collection equipment, and ramps;

$                  
contract for mowing and landscape
maintenance; sign and stripe maintenance; and routine repairs; and 

$                  
establish rules
and regulations relating to the use of the Westpark Extension.

Harris County assumed responsibility
to: 

$                  
design and construct the tollway
from 2830 feet east of F.M. 1464 to U.S. 59 South;

$                  
align and commission the VES
system at each toll location;

$                  
operate the toll collection system
equipment and software;

$                  
operate and maintain Fort Bend
County=s section of the Westpark Tollway to State Highway 99;

$                  
provide incident management
services, excluding law enforcement activities;

$                  
provide onsite maintenance
services for the preventative maintenance, emergency response and repair of
toll collection equipment;

$                  
make all emergency repairs when it
deems necessary to protect the health, safety, and welfare of the public; and 

$                  
enforce the rules and regulations
relating to the use of the Westpark Extension.








Because the duties assumed by the
defendants are distinct from one another, the acts constituting a breach also
differ.  Hence, the claims against the various defendants do not involve the
same facts and issues and therefore may be properly severed. 

 

 

 

 

/s/        Eva M. Guzman

Justice

 

 

 

 

Panel consists of Chief Justice
Hedges and Justices Guzman and Brown. (Brown, J., Majority.)

 

 









[1] See Wilson, 886 S.W.2d at 259B62.  Thus, when the Wilson court used the
phrase Aproper venue,@ it
was not referring to venue that is Aproper@ as now defined by 15.001(b)(1) of the Civil Practice
and Remedies Code.  Compare Tex.
Civ. Prac. & Rem. Code Ann. '
15.001(b)(1) (defining Aproper venue@ as
Athe venue required by the mandatory provisions of
Subchapter B [i.e., id. '' 15.011B.020.] or another statute prescribing mandatory venue@) with id. ' 15.001(b)(2)
(A>Proper venue=
means: . . . If Subdivision (1) does not apply, the
venue provided by this subchapter or Subchapter C [i.e., id. ' 15.031 et seq.].@).





[2] Although the plaintiffs cited section 101.101(a)
which governs notice requirements, we presume the plaintiffs intended to refer
to section 101.102(a), which contains the language on which they rely.





[3] My reasoning differs from that of the majority in at
least two additional respects.  First, I believe the majority=s summary of the legislative history of section 15.015=s predecessor as set forth in Montague County v.
Meadows, ante at 4B5, is both
unnecessary and unhelpful because the Montague court was explaining
that the general venue rule was not intended to apply to suits against
counties.  31 S.W. 694, 695 (Tex. Civ. App.CFort
Worth 1895, writ ref=d).  Here, none of the parties relied on the general
venue rule in the trial court.  Thus, the majority=s conclusion in dicta that Asection 15.016 is not an exception to section 15.015,@ ante at 5, seems to me unnecessary to resolve
any issue properly before this court inasmuch as the plaintiffs, the relator,
and the trial court have not asserted that section 15.016 is an
exception to section 15.015.  Second, I disagree with the majority=s reasoning in concluding that Abecause Fort Bend is entitled to a transfer under the
mandatory venue provision, it was not necessary for Fort Bend to challenge the
venue facts pleaded by the Olivareses.@ 
Although I agree that Fort Bend was not required to challenge the venue facts
pleaded by the plaintiffs, the reason for this is simply that such a challenge
would be self-defeating.  By failing to challenge the pleaded venue facts,
those factual allegations were taken as true, and the venue facts pleaded by
the plaintiffs demonstrate that venue of their claims against Fort Bend is
mandatory in Fort Bend County.  See Tex.
R. Civ. P. 87(3)(a).





[4]           If a motion to transfer venue is sustained,
the cause shall not be dismissed, but the court shall transfer said cause to
the proper court; . . . [p]rovided, however, if the cause
be severable as to parties defendant and shall be ordered transferred as to one
or more defendants but not as to all, the clerk, instead of sending the
original papers, shall make certified copies of such filed papers as directed
by the court and forward the same to the clerk of the court to which the venue
has been changed. . . .