**REVERSE and REMAND; Opinion Filed June 4, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00085-CV

**KERRI D. CONDIE, P.C., Appellant**
**V.**
**MICHELLE MCLAUGHLIN, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-05911**

# MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Schenck

Kerri D. Condie, P.C. (P.C.) appeals from a take-nothing summary judgment on its claim for breach of contract against appellee Michelle McLaughlin. In its first issue, P.C. argues the 219th District Court of Collin County erred in granting McLaughlin's motion to transfer venue to Dallas County. In its second issue, P.C. urges summary judgment in favor of McLaughlin was improper because she failed to establish the affirmative defense of res judicata. We reverse the November 30, 2017 judgment of the 193rd District Court of Dallas County, remand this cause to the 193rd District Court of Dallas County, and order that the cause be transferred to the 219th District Court of Collin County.

## BACKGROUND

Kerri D. Condie is an attorney who formed and owns P.C. On August 1, 2014, P.C.'s charter was forfeited for failure to comply with the tax code.

On July 24, 2015, McLaughlin sued Kerri D. Condie in the 193rd District Court of Dallas County, alleging breach of a contract to provide legal secretary and assistant services to Condie. Condie answered, but she did not assert any counterclaim against McLaughlin, nor did she assert a third-party claim against P.C. or in any way argue that she was not a party to the contract or the appropriate party to the suit. McLaughlin sent requests for admission to Condie. Condie did not respond to McLaughlin's requests for admission. McLaughlin moved for summary judgment, relying on Condie's deemed admissions. On January 20, 2016, the 193rd District Court granted McLaughlin's motion.

On December 30, 2016, P.C.'s charter was reinstated. The day before, on December 29, 2016, P.C. initiated the underlying suit against McLaughlin in Collin County, alleging McLaughlin breached a contract between P.C. and McLaughlin for McLaughlin to provide legal secretary and assistant services to P.C. McLaughlin filed a motion to transfer venue to Dallas County, and subject thereto, her answer. In her motion, McLaughlin objected to venue in Collin County, denied any venue facts asserted by P.C. that Collin County was the proper county, and requested the case be transferred to Dallas County based on the summary judgment she had previously obtained against Condie on McLaughlin's breach of contract claim. McLaughlin argued P.C.'s suit was "nothing more than a compulsory third-party claim that should have been brought in the original suit." She further argued Dallas County was a county of proper venue because it was the county of her residence at the time the action accrued. Finally, she argued the transfer would not cause a hardship or injustice for any other party and that it would serve judicial economy for the 193rd District Court to preside over this matter "as the facts are identical to those previously litigated." As part of her answer, McLaughlin asserted the affirmative defenses of res judicata, collateral estoppel, and capacity.

P.C. responded to McLaughlin's motion to transfer venue, attaching a declaration by Condie, asserting that she is the president and shareholder of P.C., McLaughlin contracted with P.C. in February or March 2014, and McLaughlin performed the contractual services and breached the contract at issue at P.C.'s office in Collin County.

After conducting a non-evidentiary hearing,[1] the 219th District Court of Collin County granted McLaughlin's motion to transfer venue and ordered the case transferred to the 193rd Judicial District Court of Dallas County. The order did not state the basis for the ruling other than to specifically exclude section 15.002(b) of the civil practice and remedies code as a basis.[2]

In the 193rd District Court, McLaughlin moved for traditional summary judgment on the affirmative defense of res judicata and for no-evidence summary judgment, arguing P.C. had no evidence on at least one of three elements of its breach of contract claim.[3] P.C. filed responses with attachments to McLaughlin's motion. After conducting a hearing on McLaughlin's motion,[4] on November 30, 2017, the trial court granted McLaughlin's motion for traditional summary judgment. This appeal followed.

## DISCUSSION

In its first issue, P.C. challenges the 219th District Court's decision to grant McLaughlin's motion to transfer venue from Collin County to the 193rd District Court in Dallas County. P.C.

---

[1] Despite reference to argument in the order, the record contains no record of this hearing.

[2] Section 15.002(b) of the civil practice and remedies code permits a court to transfer an action from a county of proper venue to another county of proper venue on motion of a defendant where the court finds:

    (1) maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;

    (2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

    (3) the transfer of the action would not work an injustice to any other party.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(b).

[3] McLaughlin's motion contended that P.C. had no evidence that (1) P.C. was the proper party to sue for breach of the contract between Condie and McLaughlin, (2) Condie or P.C. performed under the alleged contract, or (3) P.C. suffered injury from any breach of the alleged contract by McLaughlin.

[4] The record does not contain a transcript of this hearing, and the official court reporter to the 193rd District Court filed a letter with this Court, confirming that no record was taken at this hearing.

–3–

contends that McLaughlin failed to support her motion with sufficient proof of her venue facts and maintains that P.C. supported the venue of the suit in Collin County with ample proof. McLaughlin responds that P.C.'s claims are no more than compulsory third-party claims that should have been brought in the previous lawsuit in Dallas County and that even if venue were not fixed in Dallas County, the trial court could have properly determined that transfer to Dallas County would not cause a hardship or an injustice for any other party under section 15.002(b) of the civil practice and remedies code.

We review a trial court's decision to grant a motion to transfer venue *de novo*. *See Jaska v. Tex. Dep't of Protective & Regulatory Servs.*, 106 S.W.3d 907, 909 (Tex. App.—Dallas 2003, no pet.). We look to determine if there is any probative evidence venue would have been proper in the county chosen by the plaintiff. *See id.* If so, it is reversible error to grant the venue motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b).

Venue may be proper under general, mandatory, or permissive venue rules. *See Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.001–.040). The plaintiff makes the first choice of venue by filing the lawsuit. *See id.* When the plaintiff files in a "proper" venue, "that choice of venue should be honored absent a mandatory venue statute that requires transfer." *See id.* "Proper" venue is defined by statute as

> (1) the venue required by the mandatory provisions of Subchapter B ["Mandatory Venue"] or another statute prescribing mandatory venue; or
>
> (2) if Subdivision (1) does not apply, the venue provided by this subchapter or Subchapter C ["Permissive Venue"].

*See id.* (citing CIV. PRAC. & REM. § 15.001(b)). Thus, when both a mandatory and a permissive venue statute apply to a suit, the permissive statute must yield to the mandatory statute. *See id.*

Under the rules of civil procedure, all venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party. *See* TEX. R. CIV. P. 87(a). When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact. *See id.*

Here, P.C. argues Collin County was the proper venue because "all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County," citing section 15.002 of the civil practice and remedies code, which is the general rule governing where lawsuits shall be brought. *See* CIV. PRAC. & REM. § 15.002. P.C. set forth these venue facts in its original petition. After McLaughlin filed her venue motion, P.C. filed an amended petition with these same facts and attached to its response to McLaughlin's venue motion a declaration of Condie.[5] In that declaration, Condie stated she is the president and shareholder of P.C., McLaughlin contracted with P.C. in February or March 2014, and McLaughlin performed the contracted-for services and breached the contract at issue at P.C.'s office in Collin County. Section 15.002 is a permissive venue statute, such that P.C.'s "choice of venue should be honored absent a mandatory venue statute that requires transfer." *See Perryman*, 546 S.W.3d at 130; *see also In re R.R. Repair & Maint., Inc.*, No. 05-09-01035-CV, 2009 WL 3531636, at *4 (Tex. App.—Dallas Nov. 2, 2009, orig. proceeding) (mem. op.) (describing section 15.002 as permissive venue statute).

McLaughlin argues on appeal, as she did at the Collin County trial court, that section 15.062, which governs counterclaims, cross claims, and third-party claims, controls. *See* CIV. PRAC. & REM. § 15.062. McLaughlin urges P.C.'s suit is "nothing more than a compulsory third-

---

[5] Rule 87 provides that prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading. TEX. R. CIV. P. 87(3). Further, affidavits shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify. *See id.* Section 132.001 of the civil practice and remedies code provides for use of unsworn declarations in lieu of affidavits required by statute or rule. *See* CIV. PRAC. & REM. § 132.001.

Condie's declaration was in writing and subscribed as true and correct under penalty of perjury. We conclude her declaration substantially complied with section 132.001 and Rule 87. *See Beonney v. U.S. Bank Nat'l Assoc.*, No. 05-15-01057-CV, 2016 WL 3902607, at *3 (Tex. App.—Dallas July 14, 2016, no pet.) (mem. op.) (holding in context of summary judgment evidence that main requirements under section 132.001 are declaration be in writing and subscribed by declarant as true under penalty of perjury).

party claim that should have been brought" in her suit against Condie. She also contends that because she argued to the Collin County trial court that the transfer would not cause a hardship or injustice for any other party, any error in granting her motion to transfer venue is not reversible error pursuant to section 15.002(b) of the civil practice and remedies code. *See* CIV. PRAC. & REM. § 15.002(b).

Section 15.062 provides that venue of the main action "shall establish venue" of any third-party claim properly joined under the rules of civil procedure or any applicable statute. *See* CIV. PRAC. & REM. § 15.062. The statute further provides that if an original defendant properly joins a third-party defendant, venue shall be proper for a claim arising out of the same transaction, occurrence, or series of transactions or occurrences by the plaintiff against the third-party defendant if the claim arises out of the subject matter of the plaintiff's claim against the original defendant. *See id.* Section 15.062(a) is a mandatory venue provision that would thus control over the permissive venue provision established by P.C. *See Perryman*, 546 S.W.3d at 132. However, the record reflects no attempt, proper or otherwise, by Condie to join P.C. in McLaughin's original suit against her. Accordingly, we cannot conclude the 219th District Court properly granted McLaughlin's motion to transfer venue from Collin County to the 193rd District Court in Dallas County based on section 15.062.

Section 15.002(b) of the civil practice and remedies code permits a court to transfer an action from a county of proper venue to another county of proper venue on motion of a defendant where the court finds:

(1) maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;

(2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

(3) the transfer of the action would not work an injustice to any other party.

–6–

CIV. PRAC. & REM. § 15.002(b).

The Collin County trial court's order granting McLaughlin's venue motion specifically states that the trial court "does not base its ruling on Tex. Civ. Prac. & Rem. Code § 15.002(b)." But even if the order had stated otherwise, McLaughlin failed to offer any evidence or even allege in her motion that maintenance of the action in Collin County would work an injustice to her considering her economic and personal hardship. *See id.* Accordingly, we cannot conclude the 219th District Court properly granted McLaughlin's motion to transfer venue from Collin County to the 193rd District Court in Dallas County based on section 15.002(b).

The foregoing addresses the statutes and arguments made by the parties to the trial court and in their briefs to this Court. However, at oral argument, this Court questioned whether the mandatory venue provision section 15.013 had any application in this case. *See* CIV. PRAC. & REM. § 15.013.[6] Additionally, at oral argument, this Court questioned whether the relief sought in the instant suit would operate to restrain the 2016 judgment obtained by McLaughlin in the 193rd District Court. P.C. responded it would not. And when this Court questioned whether the amounts owed under the 2016 judgment would still be owed even if P.C. succeeded in the instant suit against McLaughlin, P.C. responded affirmatively. Following oral argument, this Court requested the parties submit supplemental briefing regarding applicability of section 15.013 or any common law holdings that a final judgment of venue irrevocably fixes venue of any suit involving the same subject matter and parties apply in this case. *See, e.g.*, *Miller v. State & Cnty. Mut. Fire Ins. Co.*, 1 S.W.3d 709, 712–13 (Tex. App.—Fort Worth 1999, no pet.) (finding venue determination in prior proceeding between parties or their privies dispositive in later dispute and makes venue

---

[6] Section 15.013 of the civil practice and remedies code provides, "Actions to restrain execution of a judgment based on invalidity of the judgment or of the writ shall be brought in the county in which the judgment was rendered."

mandatory in former county in subsequent proceedings involving same subject matter and same parties).[7]

In view of the briefing before us and P.C.'s assurances that the relief it seeks in this case will not operate to alter or impede enforcement of the prior judgment, we will not further explore the potential application of section 15.013 or *Miller*.

We sustain P.C.'s first issue.

Because we find that Collin County, the venue chosen by P.C., was a county of proper venue, we hold that Dallas County as an improper venue as a matter of law. *See Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 262 (Tex. 1994). The trial of this lawsuit in Dallas County constitutes reversible error. *See* CIV. PRAC. & REM. § 15.064(b). In light of our resolution of P.C.'s first issue, we need not address P.C.'s second issue challenging the Dallas County trial court's summary judgment in favor of McLaughlin. *See Wilson*, 886 S.W.2d at 262.

### CONCLUSION

We reverse the November 30, 2017 judgment of the 193rd District Court of Dallas County, remand this cause to the 193rd District Court of Dallas County, and order that the cause be transferred to the 219th District Court of Collin County.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

180085F.P05

---

[7] We further requested the parties address whether this Court could consider either section 15.013 or the common law holding cited above in view of the posture of this case and this Court's decision in *St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311 (Tex. App.—Dallas 2018, pet. filed).



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

KERRI D. CONDIE, P.C., Appellant

No. 05-18-00085-CV      V.

MICHELLE MCLAUGHLIN, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-05911.
Opinion delivered by Justice Schenck, Justices Brown and Pedersen, III participating.

     In accordance with this Court's opinion of this date, we **REVERSE** the November 30, 2017 judgment of the 193rd District Court of Dallas County, **REMAND** this cause to the 193rd District Court of Dallas County, and **ORDER** that the cause be transferred to the 219th District Court of Collin County for proceedings consistent with the opinion.

     It is **ORDERED** that appellant KERRI D. CONDIE, P.C. recover its costs of this appeal from appellee MICHELLE MCLAUGHLIN.

Judgment entered this 4th day of June 2019.