

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00306-CV

---

THE LAW OFFICES OF DOMINGO A. GARCIA, P.C., APPELLANT

V.

DAVID TROSMAN, APPELLEE

---

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-309003-19, Honorable Josh Burgess, Presiding

---

July 25, 2023

## MEMORANDUM OPINION[1]

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

The Law Offices of Domingo A. Garcia, P.C. ("Garcia") appeals from the trial court's judgment in favor of David Trosman. Through four issues, Garcia complains of the trial court's rulings concerning 1) venue; 2) its counterclaim; 3) Trosman's breach of contract claim; and 4) attorney's fees. We address only the first, for it is dispositive. So too do we reverse.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

## Background

After Trosman graduated from law school, he began working as a Tier 1 associate at the Dallas County law office of Domingo A. Garcia, P.C. Apparently, the firm had offices elsewhere, including Tarrant County, but the Dallas County facility served as its principal office from which the firm operated. Trosman officed there for nearly ten years, mostly handling cases that were valued between $30,000 and $50,000. During his time at the law firm, he earned and received a salary and monthly bonus per a formula Garcia utilized and explained to his employees. The formula provided that if an attorney recovered $30,000 in fees during a particular month, he received a bonus of $1,000 and 10% of any attorney's fees over $30,000. Trosman regularly earned and received bonuses based on this formula.

Garcia eventually terminated Trosman's employment in November 2018. The reason related to the quality of Trosman's work, allegedly. Trosman sued in Tarrant County for breach of contract and quantum meruit, alleging he was owed bonus payments on twenty-one cases. One disputed bonus involved a suit which settled for $9.5 million during the same month as Trosman's termination. The latter argued he had worked on the case and had it "settlement ready." Garcia disagreed, arguing that it had removed him from the matter in late 2017 or early 2018.

Prior to trial, Garcia moved to transfer venue of the suit to Dallas County. The trial court denied the request. This decision underlies the dispositive issue before us. Yet, to complete the background of the appeal, we also note that the trial court ultimately convened a bench trial, denied Trosman's recovery of a bonus related to the $9.5 million settlement, found Garcia had breached its contract with him regarding bonuses on 20 other cases, and granted him attorney's fees.

2

***Venue***

As previously mentioned, Garcia questions the trial court's denial of its motion to transfer venue from Tarrant County to Dallas County. The latter was where the contract at issue arose and where the purported breach occurred. Trosman asserts that venue was proper in Tarrant County because much of the purported bonus owed him related to the prosecution of a case pending in Tarrant County. Furthermore, a large portion of work on that case happened in Tarrant County. Thus, venue lay in Tarrant County. We sustain the issue.

We review the trial court's denial of a motion to transfer venue de novo. *Heckert v. Heckert*, 02-19-00298-CV, 2020 Tex. App. LEXIS 4007, at \*4 (Tex. App.—Fort Worth May 21, 2020, no pet.) (mem. op.); *Devon Energy Corp. v. Iona Energy, L.P.*, No. 02-19-00343-CV, 2020 Tex. App. LEXIS 210, at \*5 Tex. App.—Fort Worth Jan. 9, 2020, pet. denied) (mem. op.). Furthermore, improper venue results in reversal without a harm analysis. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b); *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018) (stating that the "erroneous denial of a motion to transfer venue requires the judgment's reversal and a remand for new trial"). And, in assessing the propriety of the decision, we consider the entire record, including the trial on the merits. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b). So too do we construe the evidentiary record in a light most favorable to the trial court's ruling. *Garza v. State & Cty Mut. Fire Ins. Co.*, No. 02-06-202-CV, 2007 Tex. App. LEXIS 3070, at \*8 (Tex. App.—Fort Worth April 19, 2007, pet. denied) (mem. op.).

Venue may be proper in many counties under general, mandatory, or permissive venue rules. *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994).

3

And, the plaintiff is given the first choice when selecting it. *Id.* Yet, if a defendant objects to the selection and specifically denies the venue facts, the burden lies with the plaintiff to prove the legitimacy of the selection. *Id.* If the plaintiff fails to meet it, the trial court must transfer the lawsuit to another specified county of proper venue. *Id.*

The parties agree that the general venue provision applies here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002. The subsection in play states that "all lawsuits shall be brought . . . in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred . . . . " TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1). Determining whether a "substantial part" of the events giving rise to "the claim" occurred in the county of suit, one looks at the relationship between the events or omissions and the claim. *See, e.g.*, *Tex. Specialty Trailers, Inc. v. Jackson & Simmen Drilling Co.*, No. 02-07-228-CV, 2009 Tex. App. LEXIS 6318, at *17-18 (Tex. App.—Fort Worth Aug. 13 2009, pet. denied) (mem. op.); (stating that one looks at the relationship between the events and elements of the claim); *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 680 (Tex. App.—Austin 2003, no pet.) (same). *See In re Red Dot Bldg. Sys.*, 504 S.W.3d 320, 323 (Tex. 2016) (stating that when making venue decisions in breach of contract cases, courts generally consider where the contract was made, performed, and breached). The Fort Worth Court of Appeals recently illustrated how that is done in *Devon Energy Corp.*, 2020 Tex. App. LEXIS 210, at *2.

In *Devon*, suit was filed in Wise County against Devon Energy Corp. The plaintiffs, which included Iona Energy, L.P., complained about the underpayment of royalties due them and averred numerous causes of action through which to recover damages. Those claims ranged from breach of contract to fraud. *Id*. at *2-3. Furthermore, like here, section 15.002(a) was used to justify their forum selection in that

county. They argued that a substantial part of the events giving rise to the claim occurred there because that was where the gas was processed and their royalties related to the production of that gas. Devon questioned the selection and moved to have the suit transferred to Tarrant County. The trial court denied the motion, and the Fort Worth Court of Appeals reversed.

In arriving at its decision, the reviewing court focused on the nature of the claims asserted by Iona. It observed that they arose "from . . . royalty calculations and from the Devon Parties' alleged statements or misstatements to Iona about how the royalties were calculated, not from the actual procedures by which the gas was transported and processed." *Id.* at *15. "In short, Iona attacks the Devon Parties' accounting practices that led to the disbursed royalty amounts." *Id.* at *16. Then it observed that Devon performed those calculations and accounting practices in Oklahoma and sent payment to Tarrant County. *Id.* at *14. So, framing the debate led it to conclude that Iona did not prove that substantial facts giving rise to its claims against Devon occurred in Wise, even though the gas was processed there. *Id.* at *17. We find particularly enlightening a passage the court cited from an opinion by a sister court of appeals. The passage alluded to "'the heart of the dispute.'" *Id.* at *15 (quoting *Beard v. Endeavor Natural Gas, L.P.*, No. 01-08-00180-CV, 2008 Tex. App. LEXIS 9629, at *9-10 (Tex. App.— Houston [1st Dist.] Dec. 19, 2008, pet. denied) (mem. op.). In other words, the court determined the "heart of the dispute" and then assessed whether a substantial part of the facts giving rise to it occurred in the selected forum. We follow that guidance here.

Trosman alleged causes of action sounding in breach of contract and quantum meruit. Each pertained to the failure of Garcia to abide by its compensation structure. In other words, the "heart of the dispute" concerned the firm's failure to pay him under

5

their agreement. Trosman cited us to nothing of record indicating that the omission, default, or any part thereof occurred in Tarrant County, and we found none. Nor did he cite us to evidence that the agreement purportedly breached (i.e., the agreement to pay) was formed or performable in that county, and we found none. Those were the pertinent indicia, according to *In re Red Dot.* Instead, facts related to the location at which he prosecuted a certain case assigned him were offered to satisfy section 15.002(a)(1). That location was Tarrant County. Nevertheless, where he prosecuted the case and events related to its prosecution had little relationship to the compensation arrangement, its formation, its performance, or its breach. Each of the latter elements underlying his claims occurred in Dallas County. Given these circumstances, we conclude that Trosman failed to prove that all or a substantial part of the events or omissions giving rise to his claim against Garcia occurred in Tarrant County and, therefore, the trial court erred in denying Garcia's motion to transfer venue.

We reverse the trial court's judgment and remand the cause with instructions for the trial court to grant Garcia's motion to transfer venue and transfer the cause to Dallas County. TEX. CIV. PRAC. & REM. CODE ANN. § 15.063. This relieves us from the need to address the other issues urged by Garcia.


Brian Quinn
Chief Justice

6