**Reverse and Remand and Opinion Filed October 18, 2023**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00621-CV

### AMERICAN AIRLINES, INC. AND DANIEL DELGADO, Appellants
### V.
### ADAM HALKUFF AND HEATHER HALKUFF, INDIVIDUALLY, AND AS NEXT FRIENDS OF M.H., A.H., C.H. AND O.H., MINOR CHILDREN, AND JOSEPH HALKUFF, Appellees

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-13508**

## MEMORANDUM OPINION
Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Pedersen, III

Appellants American Airlines, Inc. (American) and Daniel Delgado appeal the trial court's June 8, 2023 Order denying their Motion to Transfer Venue. In a single issue, appellants argue the trial court erroneously determined that the plaintiffs independently established venue against American and Delgado in Dallas County, Texas. We reverse the trial court's Order and remand this cause for further proceedings consistent with this opinion.

## Background

Appellees sued American and Delgado alleging discrimination, intentional infliction of emotional distress, and breach of contract. They charged that appellants prohibited one of their minor children, who is autistic, from boarding a flight from Dallas–Fort Worth Airport (DFW Airport) to Kansas City because of the child's disability. Ultimately the entire family was removed from the flight.

Appellees filed suit in Dallas County and pleaded that venue was proper there because appellants refused to accept their child as a passenger "at the Dallas Fort Worth Airport which is in Dallas County, Texas."

American answered and filed its Motion to Transfer Venue (the Motion) seeking to have the case transferred to Tarrant County. American argued that appellees' venue pleading was mistaken, because all gates and terminals at DFW Airport are located in Tarrant County. Accordingly, it contended, the events giving rise to appellees' claims must have occurred in Tarrant County.

American offered evidence in support of its Motion. In the Affidavit of Develyn Singleton, Singleton testified that he is a claims analyst for American with personal knowledge of the following facts:

- American is a Delaware corporation with its principal place of business in Tarrant County.

- Executives who have the responsibility for and conduct the day-to-day operations of American work at the company's principal office in Tarrant County.

- American does not maintain any offices in Dallas County where decision-makers for the company conduct its daily affairs.

- All of the terminals and gates at DFW Airport are located in Tarrant County.

Singleton attached and identified a map of the DFW Airport that shows the County Line creating the boundary between the two counties. Delgado also submitted an affidavit testifying that he is a resident of Fort Worth in Tarrant County.

Appellees filed a response to the Motion.[1] They offered no evidence. Instead they raised legal arguments in an effort to justify venue in Dallas County.

In a supplement to the Motion—and in response to appellees' complaints about the uncertainty of Delgado's residence—American offered a second Delgado affidavit, in which Delgado testified that he had resided at the same Fort Worth address in Tarrant County for more than twenty years. He stated that he owned no real property, residential or commercial, in Dallas County.

Delgado also specifically denied that venue is proper in Dallas County. He joined American's Motion.

---

[1] The response included a request to continue the venue hearing. Appellees complained that appellants had not properly disclosed the street address of Delgado's residence. They sent discovery to obtain that information, and discovery responses were not due until after the hearing date. However, in its reply to the response, American represented that the discovery responses had already been served. Accordingly, the request for continuance has become moot.

Following the hearing, the trial court denied the Motion.[2] This appeal followed.

## Discussion

Appellants argue that the trial court erroneously denied the Motion because appellees did not independently establish venue against American and Delgado in Dallas County, Texas.

### *Determining Proper Venue*

Venue may be proper in many counties under general, mandatory, or permissive venue rules. *Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 260 (Tex. 1994). Generally, a plaintiff is permitted to select venue first, and the plaintiff's choice will not be disturbed as long as suit is initially filed in a county of proper venue. *Id.* Indeed, the plaintiff's properly pleaded venue facts are taken as true unless they are specifically denied by an adverse party. TEX. R. CIV. P. 87.3(a). If the defendant specifically denies a venue fact pleaded by the plaintiff, the plaintiff must make prima facie proof of that venue fact. *Id.* A plaintiff satisfies this burden "when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.* If the plaintiff has adequately pleaded and made prima

---

[2] The court's June 8, 2023 Order is mistakenly titled "ORDER ON PLAINTIFF'S MOTION TO TRANSFER VENUE," but the body of the Order clearly states that the Motion is denied "[a]fter considering Defendants['] MOTION TO TRANSFER VENUE, the response, and argument of counsel."

facie proof that venue is proper in the county of suit, then the motion to transfer must be denied. TEX. R. CIV. P. 87.3(c).[3]

The trial court must determine the motion to transfer venue on the basis of the pleadings, any stipulations by the parties, and "such affidavits and attachments as may be filed by the parties" as the rule requires. TEX. R. CIV. P. 87.3(b). Thus, a defendant who seeks transfer to a county where it asserts that the cause of action accrued must plead that venue fact and must support its pleading with the same level of proof required by the challenged plaintiff. *Id.* at 87.2(b). If the plaintiff fails to discharge its burden to present prima facie proof of proper venue, then the court will consider the defendant's proof to determine the motion. If the county where the suit is pending is not a proper county, and the defendant's proof establishes the county it seeks transfer to *is* a county of proper venue, then the court shall grant the motion and transfer the case. TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1); *see also In re Mo. Pac. R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) ("However, if the plaintiff fails to discharge the burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county."); *Ford Motor Co. v. Johnson*, 473 S.W.3d 925, 928 (Tex. App.—Dallas 2015, pet. denied).

---

[3] The exceptions to this rule—when venue is mandatory elsewhere or when the motion is based on grounds that an impartial trial cannot be had in the county of suit—are not applicable in this case.

In this interlocutory appeal, we "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." CIV. PRAC. & REM. § 15.003(c)(1); *Venator Materials PLC v. Macomb Cnty. Emps.' Ret. Sys.*, No. 05-19-01177-CV, 2020 WL 289296, at *3 (Tex. App.—Dallas Jan. 21, 2020, no pet.) (mem. op.).

*The Motion to Transfer Venue*

No mandatory venue rule applies in this case, so the code's "General Rule" applies, requiring lawsuits to be brought:

> (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
>
> (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or
>
> (4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

CIV. PRAC. & REM. § 15.002(a). Appellees pleaded that venue was proper in Dallas County—presumably under subsection (1)—because "Defendants refused to accept minor child, [M.H.], as a passenger at the Dallas Fort Worth Airport which is in Dallas County."

Employing the process outlined above based on rule 83, American challenged that pleaded venue fact, specifically denying that DFW Airport is located in Dallas

County. American offered evidence that the facts giving rise to appellees' claims arose in Tarrant County because the terminal where the incident took place is—like all DFW terminals—located in Tarrant County. American's undisputed evidence included specific identification of Terminal D and Gate D-38 as the location where the flight at issue boarded. According to American's evidence, Terminal D and its associated runways are located entirely in Tarrant County. This evidence not only disproved appellees' venue fact, it also amounted to evidence that Tarrant County was a proper venue. *See* CIV. PRAC. & REM. § 15.002(a)(1) (venue is proper "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred").[4]

At this point in the proceedings, it became appellees' burden to make prima facie proof of the venue fact that was denied by American and Delgado, i.e., that DFW Airport is located in Dallas County. TEX. R. CIV. P. 87.3(a). Appellees were required to satisfy this burden by offering their own affidavit testimony, along with any necessary attachments, that specifically set forth facts supporting their contention. *Id.* But appellees offered no evidence at all. They did not challenge American's factual proof with proof of their own. Appellants, in contrast, offered

---

[4] In addition, American's evidence established that Delgado's personal residence was in Tarrant County at the time of the events made the basis of this lawsuit, which provides a second ground on which venue can be supported in Tarrant County. *See* CIV. PRAC. & REM. § 15.002(a)(2) (venue is proper "in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person").

If appellees have continuing concerns related to discovery practices by appellees, those are matters for a motion to compel in the trial court. Delgado's affidavit establishing his long-time residency in Tarrant County is sufficient for venue purposes.

evidence that Dallas County was an improper venue and that Tarrant County was a proper venue because the events at issue took place in Tarrant County. We conclude, therefore, that the trial court erred by denying the Motion.

As we stated above, appellees offered only legal arguments to support their preferred venue. We address those arguments briefly in the interests of judicial efficiency. Appellees began their response below with a quote from our sister court's opinion in *Hernandez v. State*, stating: "DFW airport is located in Dallas and Tarrant counties." No. 11-02-00292-CR, 2004 WL 67634 (Tex. App.—Houston [1st Dist.] Jan. 15, 2004, no pet.) (not designated for publication). As the title of the case suggests, *Hernandez* is a criminal case. Hernandez was charged with driving while intoxicated after officers observed him commit traffic offenses while he was on DFW Airport property. *Id.* at *1. He was tried and convicted in Dallas County; on appeal he challenged the propriety of that venue. *Id.* The Houston court set forth airport officers' testimony concerning the geography of the airport; they testified that the jurisdiction of the airport covers 28 square miles of both Dallas and Tarrant Counties and that Hernandez committed his offense on the premises of the airport. *Id.* at *2. Given those facts, the Houston court relied on the code of criminal procedure to conclude that venue was proper in Dallas County. *Id.* The statute provides:

> An offense committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties and any offense committed on the premises of

any airport operated jointly by two municipalities and situated in two counties may be prosecuted and punished in either county.

TEX. CODE CRIM. PROC. ANN. art. 13.04. Although article 13.04 answered the venue issue in *Hernandez*, it has no relevance in the civil matter before us. The Texas Code of Criminal Procedure is limited by its own terms to criminal proceedings. *See id.* art. 1.02 ("The procedure herein prescribed shall govern all criminal proceedings instituted after the effective date of this Act and all proceedings pending upon the effective date hereof insofar as are applicable.").

The civil provision relied upon by appellees is likewise inapposite. They cite a venue provision titled "Watercourse or Roadway Forming County Boundary" for the proposition that Dallas and Tarrant Counties have concurrent jurisdiction over suits arising from events at the airport. The statute states:

> If a river, watercourse, highway, road, or street forms the boundary line between two counties, the courts of each county have concurrent jurisdiction over the parts of the watercourse or roadway that form the boundary of the county in the same manner as if the watercourse or roadway were in that county.

CIV. PRAC. & REM. § 15.065. On its face, the statute applies to cases in which events giving rise to a claim take place on the actual boundary between two counties. Thus, section 15.065 could apply if an automobile accident occurred on a road that is the county boundary line, or an injury occurred on board a boat on a river forming such a boundary. No evidence presented in this case suggests that appellees' claims arose on the boundary between Dallas and Tarrant Counties. On the contrary, American's

undisputed evidence establishes that appellees' alleged injuries occurred in Tarrant County. Section 15.065 has no bearing on this case.

Appellees did not independently establish venue against American and Delgado in Dallas County, Texas, and appellants established that venue of this case is proper in Tarrant County. Accordingly, the trial court erroneously denied appellants' Motion. We sustain appellants' single issue.

## Conclusion

We reverse the trial court's June 8, 2023 Order. We remand this cause for the trial court to sign an order transferring the case to Tarrant County.


230621f.p05

/Bill Pedersen, III/

BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AMERICAN AIRLINES, INC. AND
DANIEL DELGADO, Appellants

No. 05-23-00621-CV     V.

ADAM HALKUFF AND
HEATHER HALKUFF,
INDIVIDUALLY, AND AS NEXT
FRIENDS OF M.H., A.H., C.H.
AND O.H., MINOR CHILDREN,
AND JOSEPH HALKUFF,
Appellees

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-22-13508.
Opinion delivered by Justice
Pedersen, III. Justices Garcia and
Kennedy participating.

In accordance with this Court's opinion of this date, the June 8, 2023 Order of the trial court is **REVERSED**, and this cause is **REMANDED** for the trial court to sign an order transferring the case to Tarrant County.

It is **ORDERED** that appellants American Airlines, Inc. and Daniel Delgado recover their costs of this appeal from appellees Adam Halkuff and Heather Halkuff, Individually, and as Next Friends of M.H., A.H., C.H. and O.H., Minor Children, and Joseph Halkuff.

Judgment entered this 18th day of October, 2023.